PATRÓN ET AL. *v.* THE MUNICIPALITY OF SAN JUAN.

APPEAL from the District Court of San Juan.

No. 49.—Decided November 23, 1906.

MUNICIPAL CORPORATIONS—POWERS THEREOF—CENSUS OF CITY.—The powers of
municipalities as corporations are fully enumerated in sections 602 to 615,
inclusive, of the Revised Statutes of Porto Rico, and it does not appear there-
from that the municipalities have any authority whatever to order the census
of a city to be taken.

ID.—CREATION OF MUNICIPAL CORPORATIONS—POWERS EXPRESSLY CONFERRED BY
LAW.—Municipal corporations are created by statute and can only exercise
those powers . expressly conferred by legislative enactment, and they have
no inherent or implied powers, such powers being reserved to the states which
exercise them through their respective legislatures.

ID.—CONSTITUTION OF THE UNITED STATES.—The Tenth Amendment to the Con-
stitution of the United States has no application whatever to the powers con-
ferred by law upon municipal corporations.

The facts are stated in the opinion.

*Mr. Falcón* for appellant.

*Mr. Benítez Castaño* for respondent.

MR. JUSTICE MACLEARY delivered the opinion of the court.

The facts of this case, as set forth in the petition for in-
junction, are substantially as follows:

"That the petitioners are residents of San Juan, and taxpayers;
that they file this suit not only for their own benefit, but also for the
benefit of others interested in the matter; that the municipal council
recently passed a resolution requiring that a census for the inhabi-
tants of the municipality be taken, and that for this purpose a suffi-
cient number of census blanks were printed and distributed among
the heads of families in the capital and suburbs thereof, calling upon
them to fill in the blanks and return the same to the city council on
the 30th of April, 1906; and that the blanks so distributed contain
no request that signatures be placed at the bottom thereof, such docu-
ments being therefore subject to the objection of inaccuracy and fraud
if such blanks should be used for electoral lists, or any similar pur-
poses; that the cost of such printing and distribution, etc., is estimated
to exceed $1,000, and that there is no appropriation for such expendi-

ture, and that such expenditure is entirely unnecessary and prejudicial to the taxpayer, and constitutes an illegal act on the part of the city council; the petitioners and other persons in similar circumstances suffer manifest injury by reason of the illegal and unwarranted conduct of the city council of San Juan in adopting measures which are not authorized by law and are beyond the duties of the council."

To this petition the defendant municipal corporation made answer, which is substantially as follows:

"That although the petitioners are authorized by the municipal law to file this action, such a measure can only be taken when the resolution of the municipal council is prejudicial to their rights; that the taking of a census is not prejudicial to the rights of the petitioners, or of any other citizen of the municipality, and that such steps have been taken by all of the municipalities ever since the conquest; that in the year 1902 the municipal council passed an ordinance providing for taking the census, charging the municipal inspectors with this duty, and on the 15th of March last, the municipality of San Juan, on the recommendation of the health officer, ordered the making of the census of the city and its suburbs by the inspectors in the manner ordered by the mayor; that the recommendation of the health officer was based on the fact that during the fiscal year 1904-5 the statistics showed a greater mortality than was expected in view of the work of sanitation, there having been no epidemic to explain the fact that the mortality in the suburbs of Puerta de Tierra and Santurce was almost double what it was within the walled portion of the city of San Juan, the said officer believing that the population of the said wards was about double that of the city of San Juan, and therefore the census would be very useful in studying the causes of such great mortality; that the said official of the health department recommended that the work be completed before the 30th of June, and the greater part of the same be done by the personnel of the office, in order to avoid expense; that every municipality should have a document by which it could tell who were its citizens, who were the poor and who were the rich, the professional men, and time of their residence; also that it is necessary for the mayor to issue certificates to consuls to authorize passports when persons leave the city; that it is easy to see that this census of San Juan would not cause any expense except for printing, the amount of which will not exceed $70, and not the exaggerated sum of more than a thousand dollars, without

the same amount be provided for in the budget, when it is impossible ·
that the municipality should spend any money whatever not provided
for in the budget; that the absolute necessity for the expenditure of
this small sum; it is evident that the plaintiffs can not obtain the in-
junction prayed for, because the compliance with ordinances passed
by the council is not in this case prejudicial to the rights of the citi-
zens of the municipality, while on the other hand it is highly beneficial
to the plaintiffs, who without making a thorough examination condemn
a work of the municipality, the good effects of which they are unable
to understand.''

After the hearing, on the 8th of May, 1906, the district
court entered the following order, to wit:

''The rule to show cause issued by the court in the present case
having been complied with, and after hearing counsel for the parties
and their evidence, in open court, and the defendant not having suffi-
ciently shown cause to the contrary, the plaintiffs are ordered to pre-
sent a written bond in the sum of $500, with good and sufficient sure-
ties, to answer to the defendant for damages within that sum, if the
court should decide that the petitioner had no right to bring this
action.

''And it is further ordered that the said defendant, its agents and
employes, abstain from continuing the work of taking the census or
enumeration of the residents of this municipality, until further orders
are given by this court.''

From this order the defendant took an appeal to this Su-
preme Court. The case was set down for hearing on the
24th of October, only the appellant being represented by
counsel. The Honorable Pedro de Aldrey, judge of the dis-
trict court, on rendering this judgment filed therewith the
following opinion:

''The plaintiffs have presented a petition for an injunction against
the municipal council of this city, restraining them from continuing
(pending the rest of the suit being prosecuted against the said city
council) the work of taking the census or enumeration of the citizens
or residents of this municipality basing the same on the allegations
contained in the petition, which appears to be sworn to by Ramón H.
Patrón.

"Consequently the court made a rule requiring the municipal council to appear and show cause why the writ prayed for should not be granted, and on the day set both parties appeared in open court represented by counsel. The petitioner reiterated his application and the defendant stated both orally and in writing the reasons why the injunction should not be granted, and evidence was introduced by each party.

"The court after hearing the arguments of each party, as well as the evidence introduced, has arrived at the following conclusions:

"1. That the council of this city in its session of the 15th of March last, and on the recommendation of the health officer, resolved to make a census of the residents of this city and its suburbs, through the inspectors of the mayor's office and of public works, in the manner and under the conditions ordered by the mayor.

"2. That in the compliance with that resolution the municipal council has expended up to the present time about $70, and it is estimated that ultimately $100 will be expended.

"3. That the blanks circulated for this purpose include different questions which show that it is a real census or enumeration of the residents of the municipality, which is confirmed by the heading.

"4. That in accordance with section 602 of the Revised Statutes of Porto Rico, the powers of municipal councils shall be only legislative, unless otherwise provided by law, and they shall exercise only such powers as are duly given to them by law.

"5. When the law enumerates the powers of a corporation, it is because it wishes to exclude all those not mentioned, or in other words, that it did not wish to confer any except those mentioned, and none which it did not enumerate.

"6. That the powers conferred by the law on municipal councils are enumerated in sections 603 and 604 of the Revised Statutes, and none of those enumerated empower municipal councils to make an enumeration or census such as was provided for by the municipal council of San Juan.

"7. That if any former law authorized the making of such enumeration or census, it was repealed on account of being in conflict with the law now in force, which did not wish to confer that authority, since it was not mentioned among the powers conferred by the law.

"8. That the existence of the ordinance of the city council of the 27th of September, 1902, which provides for the taking of a census does not render valid the resolution complained of, if the municipal council has no power to pass such ordinance and resolution.

"9. That if the object in view is to determine the exact population of the municipality for sanitary purposes, as is alleged by the defendant, the taking of the census cannot be sustained, because the census taken by order of the Government of the United States of America, and no other, is the one to serve as official data in regard to the number of residents; and with respect to sanitation the 11th paragraph of section 604 of the Revised Statutes, only empowers the municipal councils to make regulations, and not to make the census.

"10. That the resolution which provides for the taking of a census or enumeration not being within the legislative power of the municipal council, for the reasons hereinbefore set forth, a compliance with the same will cause to the petitioners and other taxpayers expenditures from the municipal funds, the continuation of which can only be avoided by the suspension of the cause, or in other words, the census or enumeration.

"11. That pecuniary compensation would not furnish an adequate remedy, besides the difficulty in any case of arriving at the amount, in view of the nature of the act the suspension of which is prayed for.

"12. That although an injunction cannot be issued to prevent a municipal corporation from executing a legislative act, this is applicable when such legislative act is one of those within its sphere of action, one which is permitted under its charter or constitution, but not when it legislates upon matters outside of its orbit of action.

"For these reasons the court is of opinion that the facts and the law are in favor of the application for injunction, and that the power order should issue herein."

We cannot say that we agree with this opinion in all its parts, but in the result we think substantial justice has been attained, and that the facts and the law justify the court in granting the injunction, and would justify it in making the same perpetual, under the Municipal Law of Porto Rico, as defined in the Revised Statutes in sections 602 to 615, inclusive. The corporate powers of municipalities are fully enumerated in these sections, an authority nowhere appears on the part of the municipality to order a census of the population of the city, or to have one taken by its officers. Municipal corporations are necessarily creatures of the statute and can only exercise the powers which are granted to them

by legislative enactment. They have no inherent or implied powers, these existing only in the States, which exercises them through its legislatures as occasion may require. The Tenth Amendment to the Constitution of the United States has no reference whatever to the powers conferred by law on municipal corporations. The district judge very pertinently says, in paragraph 7 of his opinion, that if there was any law anterior to the Municipal Law of Porto Rico, passed on the 1st day of March, 1902, which authorizes the taking of a census by the municipality, such former law has been repealed because it is in conflict with the law in force, which does not enumerate that faculty among the powers granted to corporations.

It is not necessary to enter into a discussion of the convenience which a census would be to the sanitary or other departments of the municipal government. Such a proceeding is not absolutely necessary to the exercise of any of the various duties incumbent on the several municipal corporations of this Island. Hence it is sufficient for this court to determine that the power to take such a census is lacking, under the statutes, as the same at present exist.

This being the case, the order made by the court below should be in all things affirmed, with costs against the appellant.

*Affirmed.*

Chief Justice Quiñones, and Justices Hernández, Figueras and Wolf concurred.